Tilghman C. J.
This case depends on the construction of a deed from Thomas P. Wharton, deceased, and John Wharton to Isaac Wharton, deceased, by which the grantors conveyed to the said Isaac, all their real and personal estate, on certain trusts expressed in the said deed. The question is, whether the separate real estate of Thomas P. Wharton passed. The words are comprehensive enough to include, not only the joint, but the separate real estate of the grantors. But the difficulty arises from this circumstance; that the grantors had, before the date of the deed, been partners in commerce, known by the name of Thomas P. Wharton and Company, and throughout the deed their names are mentioned together. They had been unfortunate in their business, and the deed recites an intention to provide for the payment of the debts due from, the partnership, as far as in the grantors' lay. Had there been any real estate belonging to the partnership, I should have been strongly inclined to the opinion, that no other than partnership property passed. But as there was no real estate held in partnership, all those parts of the deed which relate to real estate must be rejected as insignificant, unless the separate estate passed. It was supposed by the grantors, that real estate was conveyed, because, not only is it mentioned in the grant, but the first provision in the trust is, that Isaac Wharton shall sell it and apply the nett proceeds to the payment of debts, &c. In answer to this, it *183 is said by the defendant’s counsel, that the grantors might not have known with certainty, whether they held real estate or not; because it is customary for the agents of commercial houses to take conveyances of lands in satisfaction of debts , . , , . ,. due.to their principals, from debtors residing at a distance. But this remark is not satisfactory. It must' be supposed, that persons who execute conveyances of their estates, know of what those estates consist, and that they would not make use of expressions applicable only to a kind of property, not intended to be conveyed. It is a sound rule, that where words are doubtful, they shall be taken most strongly against the speaker; and that such a construction shall, if possible, be made, as will give some operation to all the words. It is ■ worthy of remark, that in no part of this deed is any intention expressed.of paying the separate debts of either of the partners, and that the whole property conveyed, giving the fullest extent to the words, “ their real and personal estate,” falls short of the debts due from the partnership, which it was the avowed object of the deed to satisfy, to the utmost ability of the grantors. It was urged as an argument against the passing of the separate real estate of either of the partners, that in case there should be a surplus, after paying all. the debts, it was to be returned and reconveyed to the grantors jointly; but to this it was answered, that it was intended'the trustee should sell the real estate, and then the surplus, if any, would be money, which it would be most proper to return to both the partners, who might afterwards settle the account between themselves. Upon the whole, it is a question of intention, and I am of opinion, that the separate real estate of Thomas P. Wharton passed. 1. Because, it must be taken for granted, that the grantors were acquainted with their own estates. 2. Because, they could not be ignorant of the meaning of the words real estate; and, 3. Because, unless the separate real estate passed, all those parts of the deed, relating to real estate, must be rejected.
Yeates J.
No rule of law is more adapted to the common reason of all mankind than that in judging of a writing, we must take the whole into consideration, and assign to each clause and word contained in it, their rational distinct meaning, if this can possibly be done. In the premises of this indenture, we find that Thomas P. Wharton, and John Whar *184 ion, jun. conveyed and transferred to Isaac Wharton, his heirs, executors, administrators, • and assigns, all their real alld personal estate, whatsoever and wheresoever, &c. IIa~ bendura, in trust, to sell and dispose of all and singular the rea-l find personal estate aforesaid, &c. The words real estate have a plain definite signification, and as the company "were not'the owners of any lands, they can only be satisfied by supposing the deed to include the undivided moiety of the lot of ground, stores and wharf, stated in the case. To this it is objected, that such a construction would work injustice, .since by a subsequent clause it is directed, that if any surplus of the assigned premises should remain after satisfying the creditors of the firm, it should be well and truly returned, re-conveyed, and assigned by the trustees, to the said Thomas P. Wharton and John Wharton, jun. And it has been argued, that as it would be highly inequitable to reconvey the separate estate of one partner to two partners, jointly, after payment of the debts of the company, their introduction of the real estate into the deed of trust was either mere accident or a cautionary measure to include mortgages, &c. To this it has been properly answered, that although the surplus property is to be reconveyed and transferred to both partners, it does not necessarily follow, that it is equally to be distributed between them. The share of each can only be determined on a fair statement of their respective accounts with the partnership, and whether the surplus consisted of realty or personalty, the legal conclusion would be the same. We must remember, that the separate property of each partner is- liable to the debts of the firm, and many instances have occurred wherein one partner, from his superior ability, has paid more than his proportion of the company’s debts. I cannot ascribe the introduction of real estate into this indenture as the effect of accident, and feel myself bound to consider it intentional. The trust deed was functus ojfcio upon John Wharton paying off the debts of the company, and was accordingly returned to him. Hereupon a resulting trust arose for his benefit, and I am therefore clearly of opinion, that the monies proceeding from the sale of the premises ought to be paid tp him.
Brackenridge J. concurred.